IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

| | |
|---|---|
| SAMUEL MILLER, ) | |
| ) | |
| Movant, ) | |
| ) | Cv. No. 2:23-cv-02579-JTF-atc |
| v. ) | Cr. No. 2:13-cr-20310-JTF |
| ) | |
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Respondent. ) | |

**ORDER DENYING PETITION PURSUANT TO 28 U.S.C. § 2255; DENYING A CERTIFICATE OF APPEALABILITY; CERTIFYING THAT AN APPEAL WOULD NOT BE TAKEN IN GOOD FAITH; DENYING LEAVE TO PROCEED IN FORMA PAUPERIS ON APPEAL**

Before the Court is Movant Samuel Miller's Motion to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody under 28 U.S.C. § 2255 ("§ 2255 Petition") filed on September 12, 2023.[1] (ECF No. 1.) The Government filed a response in opposition on November 6, 2023, to which Miller replied on November 27, 2023. (ECF Nos. 8 & 9.) For the reasons set forth below, Miller's Petition is **DENIED**.

### I.    FACTUAL BACKGROUND

**A. Miller's Criminal Case – 2:13-cr-20310-JTF**

On October 1, 2013, a federal grand jury returned an indictment against Miller. (Case No. 2:13-cr-20310-JTF-1, ("Cr.") ECF No. 1 (sealed).) A Superseding indictment was filed on November 21, 2013, charging Miller with two counts of possession of a firearm and ammunition by a felon in violation of 18 U.S.C. § 922(g)(1). (Cr. ECF No. 21 (sealed).) Miller pled guilty in

---

[1] Bureau of Prisons register number 26400-076, who is currently incarcerated at United States Penitentiary Yazoo City.

1

open court to both counts on April 7, 2014, and sentencing was set for July 11, 2014. (Cr. ECF Nos. 37 & 38.) However, because Miller violated his conditions of release and became an absconder, the Court issued an arrest warrant for Miller on August 11, 2014. (ECF Nos. 49 & 50.) On November 13, 2017, the arrest warrant was finally executed on Miller. (ECF No. 54.) He was later sentenced on March 26, 2018 to 240 months incarceration with the BOP. (Cr. ECF No. 77, 2–3 (sealed).) The record shows that Miller had three (3) prior violent felonies committed on different occasions, which triggered the Armed Career Criminal Act's ("ACCA") enhanced mandatory minimum sentence. (*Id.*)[2] One of Miller's ACCA predicate offenses was an attempted first-degree murder conviction. (Cr. ECF No. 85, 6.) The Sixth Circuit affirmed Miller's conviction and 240-month sentence on October 25, 2018, and that court's mandate issued on November 16, 2018. (ECF Nos. 85 & 86.) He did not petition the Supreme Court for a writ of certiorari.

### B. Miller's Habeas Petition – 2:23-cv-02579-JTF-atc

On May 12, 2023, Miller's motion to the Sixth Circuit Court of Appeals for an order authorizing a second or successive § 2255 motion was filed. (Cr. ECF No. 88.)[3] The Sixth Circuit denied the motion as unnecessary because Miller had not filed an initial § 2255 motion, and transferred the case to this Court on September 12, 2023. (Cr. ECF No. 89; Cv. 23-2579 ECF No. 1.) Miller argues that his prior conviction for attempted first-degree murder should no longer qualify as a predicate offense under the ACCA. (*Id.* at 2.) In support, he cites *Johnson v. United States*, 576 U.S. 591 (2015), and *Borden v. United States*, 141 S. Ct. 1817 (2021). (*Id.*)

---

[2] Miller's sentence was imposed before the Supreme Court ruled that the Fifth and Sixth Amendment require a jury, as opposed to a judge, to determine whether a defendant committed three violent felonies or serious drug offenses on separate occasions to impose ACCA's heightened mandatory minimum. *See Erlinger v. United States*, 602 U.S. 821 (2024). Because the Supreme Court did not hold that its ruling was retroactive on collateral review, and procedural rules "generally do not apply retroactively" *Erlinger* does not bear on the merits or timeliness of Miller's motion. *See Kaiser v. United States*, No. 1:23-CV-1292, 2025 WL 315104, at *15 (W.D. Mich. Jan. 28, 2025) (quoting *Shiro v. Summerlin*, 542 U.S. 348, 352 (2004)).

[3] Miller actually signed the motion on April 3, 2023. (*Id.*)

## II.     LEGAL STANDARD

Pursuant to 28 U.S.C. § 2255(a),

> [a] prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack, may move the court which imposed the sentence to vacate, set aside or correct the sentence.

"A prisoner seeking relief under 28 U.S.C. § 2255 must allege either (1) an error of constitutional magnitude; (2) a sentence imposed outside the statutory limits; or (3) an error of fact or law that was so fundamental as to render the entire proceeding invalid." *Short v. United States*, 471 F.3d 686, 691 (6th Cir. 2006) (internal quotation marks omitted). Movant has the burden of proving that he is entitled to relief by a preponderance of the evidence. *Pough v. United States*, 442 F.3d 959, 964 (6th Cir. 2006).

## III.     ANALYSIS OF MOVANT'S CLAIMS

As noted, Miller argues that his prior conviction for attempted first-degree murder should no longer qualify as a predicate offense under the ACCA. The Government responds that Miller's § 2255 motion should be denied because it is untimely under § 2255(f)(1) & (3). (ECF No. 6, 1.) The Court agrees.

Title 28 U.S.C. § 2255 motions are subject to a one-year limitation period that begins to run from the later of either "the date on which the judgment of conviction becomes final," or "the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review," 28 U.S.C. § 2255(f)(1)&(3).

### A.   28 U.S.C. § 2255(f)(1)

Under § 2255(f)(1), the limitation period begins to run from the date that the conviction becomes final. "[F]or purposes of collateral attack, a conviction becomes final at the conclusion of direct review." *Johnson v. United States*, 246 F.3d 655, 657 (6th Cir. 2001). Here, the Sixth Circuit affirmed Miller's conviction and sentence on October 25, 2018 (Cr. ECF No. 85.) Miller's conviction became final on January 24, 2019—when the 90-day period for filing a petition for a writ of certiorari with the United States Supreme Court expired. *See Clay v. United States*, 537 U.S. 522, 525 (2003). The running of the § 2255 limitations period commenced the next day, and it expired one year later, on January 24, 2020. *See Jimenez v. Quarterman*, 555 U.S. 113, 119 (2009). Miller filed his § 2255 Motion on September 12, 2023, over three years after the expiration of the limitations period. As a result, his motion is untimely under § 2255(f)(1), and is **DENIED**.

### B.   28 U.S.C. § 2255(f)(3)

Miller argues that attempted first-degree murder no longer qualifies as a predicate offense to trigger the enhanced punishment under 18 U.S.C. §§ 922(g)(1). He cites three cases in support. *See Johnson v. United States*, 576 U.S. 591 (2015), *Borden v. United States*, 141 S. Ct. 1817 (2021), and *United States v. Taylor*, 596 U.S. 845 (2022). The Government argues that even if this is true, Miller's claim is still time-barred under § 2255(f)(3).

Under § 2255(f)(3), the limitation period begins to run on the date that the Supreme Court recognized the asserted right. With regard to *Johnson* and *Borden,* Miller's § 2255 motion is untimely because it was filed more than one year after both opinions were issued. As for *Taylor*, the Supreme Court held that attempted Hobbs Act Robbery cannot serve as a predicate offense under § 924(c)'s elements clause. 596 U.S. at 852. *Taylor* involved a question of statutory

4

interpretation and did not announce a new rule of constitutional law to be applied retroactively. Thus, Miller's reliance on *Taylor* is misplaced.

To the extent that the Supreme Court recognized rights in *Johnson* or *Borden* that are relevant to Miller's habeas motion, the claims would be time-barred because he filed his motion more than a year after those cases were decided. While his motion would be timely if it depended on the right recognized in *Taylor*, that decision is irrelevant to the facts of this case. Thus, Miller's motion is time-barred under § 2255(f)(3) and is **DENIED.**

### C. Miller is Not Entitled to Equitable Tolling

"The doctrine of equitable tolling allows federal courts to toll a statute of limitations when a litigant's failure to meet a legally mandated deadline unavoidably arose from circumstances beyond that litigant's control." *Robertson v. Simpson*, 624 F.3d 781, 783 (6th Cir. 2010) (internal quotation marks and citation omitted). The § 2255 limitations period is subject to equitable tolling. *Benitez v. United States*, 521 F.3d 625, 630. "[T]he doctrine of equitable tolling is used sparingly by the federal courts." *Robertson*, 624 F.3d at 784. "The party seeking equitable tolling bears the burden of proving he is entitled to it." *Id*. A habeas petitioner is entitled to equitable tolling "only if he shows '(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way' and prevented timely filing." *Holland v. Florida*, 560 U.S. 631, 649 (2010) (quoting *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005)).

Miller has not requested, pursued, or set forth any facts demonstrating that he is entitled to equitable tolling. He has not shown that he has diligently pursued his rights nor that any extraordinary circumstances prevented his filing. Thus, even if he requested tolling of the statute, a review of the record indicates that he is not entitled to such.

5

## IV.     APPEAL ISSUES

28 U.S.C. § 2253(a) requires the district court to evaluate the appealability of its decision denying a § 2255 motion and to issue a certificate of appealability ("COA") "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2); *see also* Fed. R. App. P. 22(b). The COA must indicate the specific issue or issues that satisfy the required showing. 28 U.S.C. §§ 2253(c)(2) & (3). No § 2255 movant may appeal without this certificate.

A "substantial showing" is made when the movant demonstrates that "reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003) (internal quotation marks omitted).

> Where a district court has rejected a constitutional claim on the merits, the showing required to satisfy § 2253(c) is straightforward: The petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong. . . . When the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim, a COA should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling. . . .

There can be no question that the issue raised in Miller's § 2255 Motion is time barred. Therefore, the Court **DENIES** a COA.

The Sixth Circuit has held that the Prison Litigation Reform Act of 1995, 28 U.S.C. §§ 1915(a)–(b), does not apply to appeals of orders denying § 2255 motions. *Kincade v. Sparkman*, 117 F.3d 949, 951 (6th Cir. 1997). Rather, to appeal *in forma pauperis* in a § 2255 case, and thereby avoid the appellate filing fee required by 28 U.S.C. §§ 1913 and 1917, the prisoner must obtain pauper status pursuant to Federal Rule of Appellate Procedure 24(a). *Kincade*, 117 F.3d at

6

952. Rule 24(a) provides that a party seeking pauper status on appeal must first file a motion in the district court, along with a supporting affidavit. Fed. R. App. P. 24(a)(1). However, Rule 24(a) also provides that if the district court certifies that an appeal would not be taken in good faith, or otherwise denies leave to appeal *in forma pauperis*, the prisoner must file his motion to proceed *in forma pauperis* in the appellate court. *See* Fed. R. App. P. 24(a)(4)–(5).

In this case, for the same reasons the Court denies a certificate of appealability, the Court determines that any appeal would not be taken in good faith. It is therefore **CERTIFIED**, pursuant to Federal Rule of Appellate Procedure 24(a), that any appeal in this matter would not be taken in good faith. Leave to appeal *in forma pauperis* is **DENIED**.[4]

## V.     CONCLUSION

Because Miller's motion is § 2255 is time-barred under § 2255(f)(1) & (3), the Court **DENIES** it. The Court also **DENIES** a certificate of appealability and **CERTIFIES** that an appeal would not be taken in good faith.

**IT IS SO ORDERED**, this 9th day of May, 2025.

*s/John T. Fowlkes, Jr.*
JOHN T. FOWLKES, JR.
United States District Judge

---

[4] If Movant files a notice of appeal, he must also pay the full $505 appellate filing fee or file a motion to proceed *in forma pauperis* and supporting affidavit in the Sixth Circuit Court of Appeals within 30 days.